UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS R. WRIGHT,　　　　　　　　　　No. 09-14257

　　　Plaintiff,　　　　　　　　　　　　District Judge Arthur J. Tarnow

v.　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

　　　Defendant.
_____ /

**REPORT AND RECOMMENDATION**

On October 29, 2009, Plaintiff Curtis R. Wright, through counsel, filed a civil complaint against the Commissioner of Social Security, challenging the Commissioner's recalculation of his retirement benefits that resulted in a $13,822.00 overpayment. On January 4, 2010, the Defendant filed a motion to dismiss [Docket #4], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Plaintiff has not filed a response. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, based on Plaintiff's failure to exhaust his administrative remedies.

**I.　　BACKGROUND**

In his complaint, the Plaintiff alleges that he began receiving Social Security retirement benefits upon reaching full retirement age in 2003, and that those benefits were increased in 2004, "in order to give credit for earnings in 2002 and 2003." *Complaint*, ¶¶

4-5.  On August 11, 2008, the Social Security Administration notified him that his retirement age was incorrectly calculated, resulting in an overpayment of $13,822.00. *Id.*, ¶¶ 7-8. On December 8, 2008, he applied for a reconsideration and waiver of overpayment.  When his request was denied, he requested an administrative hearing on June 6, 2009.  In the interim, in lieu of having all of his monthly benefits withheld, he agreed to have $50.00 per month withheld and applied to the overpayment, pending the administrative hearing. *Id.*, ¶¶ 9-12. On September 15, 2009, the Social Security Administration sent a notice to the Plaintiff as to the withholding agreement, and notified him of his right to seek reconsideration of the withholding decision.  *Id.*, ¶ 13; Exhibit 4. Although the Plaintiff does not allege that he sought reconsideration of this latter decision, or that the administrative hearing has been held on his request for a waiver of overpayment, he filed suit in this Court on October 29, 2009, claiming that "[t]he decision of the Defendant that the Plaintiff received an overpayment is not supported by substantial evidence and applies an erroneous standard of law." *Complaint*, ¶ 14.  In addition, the Plaintiff claims that "[r]ecovery of the overpayment would be against equity and good conscience, because Plaintiff relinquished the right to appeal the decision made in the November 2004 letter from the Administration." *Id.*, ¶ 16.

In his motion to dismiss, the Commissioner argues that this Court lacks subject matter jurisdiction because the Plaintiff did not exhaust his administrative remedies before filing his complaint. Attached to the Defendant's motion is the Declaration of Earnest Baskerville, Chief of Court Case Preparation and Review, Office of Disability

Adjudication and Review, of the Social Security Administration. Mr. Baskerville states that the records of the Social Security Administration show that "the plaintiff's Social Security retirement benefit amounts were recalculated resulting in overpayment and that the plaintiff is protesting the overpayment," and further, that the records "do not show that the plaintiff ever received a hearing decision or filed a request of review, nor show that he has ever received an action from the Appeals Council regarding this matter."

The Plaintiff has not filed a response to the motion to dismiss or to Mr. Baskerville's declaration.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

## III. DISCUSSION

Section 405(g) is the sole avenue for judicial review under the Act. 42 U.S.C. §405(h)[1]; *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). An indispensable requirement for judicial review under §405(g) is exhaustion of administrative remedies, that is, there must have been a "final decision of the Commissioner..made after a hearing." In *Bowen v.*

---

[1] Section 405(h) states that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." Section 1331 gives district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

*City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court stated that the "final decision" requirement has two elements: (1) exhaustion of administrative remedies prescribed by the Secretary and (2) the claim "shall have been presented to the secretary." *See also, Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The Plaintiff requested a hearing before an administrative law judge ("ALJ") on June 6, 2009. According to Mr. Baskerville's uncontested affidavit, that hearing has not occurred. Nor does the Plaintiff, who has the burden of showing subject matter jurisdiction, allege either that the hearing has taken place, that an ALJ has rendered a decision, or that he has requested review by the Appeals Council. Clearly, the Plaintiff has not exhausted his administrative remedies, as required by § 405(g). Nor has the Commissioner waived the exhaustion requirement. *See Matthews v. Eldridge*, 424 U.S. at 330-32. This Court lacks subject matter jurisdiction and therefore, under Fed.R.Civ.P. 12(b)(1), the complaint should be dismissed. *Pohlmeyer v. Secretary of HHS*, 939 F.2d 318, 321 (6th Cir. 1991).[2]

However, the Plaintiff should be permitted to file a timely complaint after he has fully exhausted his administrative remedies, in the event that the Commissioner does not ultimately grant a waiver of overpayment. The complaint should therefore be dismissed without prejudice.

---

[2] In ¶ 1 of his complaint, the plaintiff alleges that "[j]urisdiction is conferred upon the Court by 42 U.S.C.A. §§ 404(b) and 1383(b)(1)." Neither section is a jurisdictional statute.

## IV.   CONCLUSION

I recommend that the Defendant's motion to dismiss [Docket #4] be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 12, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 12, 2010.

S/Gina Wilson
Judicial Assistant